IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN ELWAIN HERNDON                                                                              PLAINTIFF

v.                                             Civil No.  6:24-cv-06129- SOH-MEF

WELLPATH, INC.
(Contract Medical Care Provider for the Arkansas Division
of Correction);
DR. NANETTE VOWELL
(Medical Director for Wellpath at the Ouachita River
Correctional Unit);
CRYSTAL McCOY
(Health Services Administrator, ORCU);
CNA HARRIS
(ORCU);
TERRA PATROM
(Director, Arkansas Spinal Cord);
ABIGAIL FRYAR
(Spinal Cord Counselor, M.S., CRC)                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to United States District Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).  Currently before the Court is Plaintiff's Motion to Voluntarily Dismiss this case.  (ECF No. 19).

1

## I. BACKGROUND

Plaintiff filed his Complaint on September 23, 2024. (ECF No. 1). While service to some Defendants was still in progress, Defendant Wellpath filed a Notice of Filing of Bankruptcy on November 25, 2024. (ECF No. 10). Attached to the Notice was the a copy of the Amended Interim Order Enforcing the Automatic Stay entered by the Honorable Alfredo R. Perez, United States Bankruptcy Judge for the Southern District of Texas, Houston Division, on November 12, 2024. (ECF No. 10). The bankruptcy case number is 24-90533 (ARP). In the Interim Order, the Stay was extended to Non-Debtor Defendants. (*Id.*). In accordance with the Bankruptcy Order, the case was stayed and administratively terminated on December 13, 2024. (ECF No. 13).

On May 22, 2025, Defendants McCoy, Vowell, and Wellpath filed a status report notifying the Court and parties that the bankruptcy judge had lifted the litigation stay. (ECF No. 18). Plaintiff then filed a Motion to Voluntarily Dismiss his case on May 27, 2025. (ECF No. 19). His motion states, in full, "Due to unexplained action to my cases of my inmate account, I find it self-preserving to abandon my cases." *Id.*

This Court then issued an Order lifting the stay in this case and directing the Defendants to respond to Plaintiff's Motion to Dismiss, failing which the Court would consider Plaintiff's request for dismissal unopposed. (ECF No. 20). The Defendants' response was due within 14 days of the date of the order, or by June 17, 2025. *Id.* That deadline has now passed, and no Defendant has filed a response to Plaintiff's Motion to Dismiss.

## II. ANALYSIS

Fed. R. Civ. P. 41(a) governs the voluntary dismissal of actions. Pursuant to that rule, where, as here, motions for summary judgment have been filed and the parties have not signed a stipulation for dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under

this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

In this case, Plaintiff has requested to dismiss this action, and Defendants have filed no response opposing that request. Consistent with this Court's previous Order, therefore, the Court considers Plaintiff's Motion to Dismiss to be unopposed. Accordingly, the undersigned hereby recommends that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

### III. CONCLUSION

Accordingly, it is recommended that Plaintiff's Motion to Dismiss (ECF No. 19) be **GRANTED**, and that this matter therefore be **DISMISSED WITHOUT PREJUDICE**.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of June 2025**.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3